TOWNSHIP OF GREENWICH, PLAINTIFF-RESPONDENT, v. GLOUCESTER COUNTY BOARD OF TAXATION, *ET AL.*, DEFENDANTS-APPELLANTS.

BOROUGH OF PAULSBORO, *ET AL.*, PLAINTIFFS-APPELLANTS, v. GLOUCESTER COUNTY EQUALIZATION TABLE FOR 1964, TOWNSHIP OF GREENWICH, DEFENDANTS-RESPONDENTS.

Argued April 4, 1966 and April 5, 1966—Decided May 2, 1966.

*Mr. Joseph Mennite* argued the cause for defendants-appellants.

Mr. *Albert J. Zamal* argued the cause for plaintiff-respondent, defendant-respondent, Township of Greenwich.

Mr. *Elias Abelson,* Deputy Attorney General, argued the cause for Director, Division of Taxation, Participating Pursuant to Request of the Court (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. This matter involves an attack by certain municipalities of Gloucester County upon the tables of equalized real property ratables adopted by the County Tax Board for the years 1963 and 1964. The attack is limited to the portion of the tables relating to the equalized aggregates of the ratables established for the Township of Greenwich. The tables set forth the aggregate real property assessables in each municipality in the county as determined by the board for purposes of inter-municipal apportionment of the county tax burden for those years. The two tables were based upon the equalization table prepared and issued by the Director of the State Division of Taxation containing his determination of the aggregate equalized assessables in each municipality in the State for 1963 and 1964 for use in allocating State aid to local schools.

In promulgating its table for 1963 the County Tax Board used the Director's aggregate assessables for the Township of Greenwich, except for his computation of equalized aggregate assessments for one class of realty in the Township, namely that designated commercial-industrial property. The board rejected his determination of the ratio between actual assessment of property in that category and its true value, because the ratio was arrived at by the use of a single sale of such property in the year in question. On the Township's appeal to the Division of Tax Appeals, the County Board's action was reversed, and it was directed to utilize the excluded sale, as the Director had done. A number of Gloucester County municipalities, appellants herein, joined in an appeal to the Appellate Division from that reversal.

While the appeal was pending the Director promulgated his equalization table for the purpose of determining the allocation of State school aid to municipal schools for 1964. In doing so, he used two sales of property in the commercial-industrial category in the Township of Greenwich, the single 1963 sale, and a second one, which occurred in 1964. Again the computation of aggregate true value ratables of all classes of property in the Township was predicated in part upon these two sales. This time, however, the County Tax Board accepted the Director's figures as the basis for the equalization table which it issued for purposes of allocation of the county tax burden among the municipalities. On appeal therefrom by the same objecting municipalities, the Division of Tax Appeals affirmed the board's decision, and a second appeal was taken to the Appellate Division.

During the pendency of those appeals the Appellate Division granted the appealing municipalities' request for a remand to the Division of Tax Appeals to permit introduction of additional evidence, bearing on the values of industrial properties in Greenwich Township. Admissibility of the proposed evidence, however, was to remain subject to review.

On return of the augmented record to the Appellate Division, the additional evidence was rejected as incompetent, and the judgments of the Division of Tax Appeals were affirmed. Thereafter, we granted the objecting municipalities' petitions for certification, and requested the Attorney General to participate in the appeal with respect to the policy of the Director in using single sales of property in fashioning his equalization table for school aid distribution purposes. 46 N. J. 55 (1965).

In preparing his table the State Director follows a convenient and uncomplicated system. All sales of real estate in each municipality of the county during the year being studied are reported to him. The sale price as indicated by the revenue stamps on the deed is treated as representing true value. The ratio of assessment to true value is then determined by comparison between the sale price and the assessed value. The

process is further refined by classifying the sales into four categories: (1) vacant land; (2) residential; (3) farm; (4) "other" (which includes commercial, industrial, apartments, etc.), and the ratio of assessment to true value is determined for each class. Moreover, statistical reliability is sought by a further screening of all sales. On the basis of experience and study the Director has established 27 categories of non-usable sales. If a sale falls into one of these categories is will not be utilized in the equalization process because it falls short in some respect of meeting the true value test, *i. e.* a sale between a buyer willing but not obliged to buy, and a seller willing but not obliged to sell. An over-all average ratio of all classes of property is calculated, which by application to the total assessed value of real property as reported by the local assessor, produces the aggregate equalized (hypothetically, the true) value of all the property in the particular municipality. This "true" value is then utilized by the Director in apportioning the State financial school aid for each municipality. See, *Town of Kearny v. Division of Tax Appeals,* 35 *N. J.* 299, 303 (1961); *In re Appeals of Kents* 2124 *Atlantic Ave., Inc.,* 34 *N. J.* 21, 26–27 (1961); *City of Bayonne v. Division of Tax Appeals,* 49 *N. J. Super.* 230 *(App. Div.* 1958).

The Director does not promulgate his equalization table to control distribution of the county tax burden. The obligation to equalize assessments to that end rests on the County Tax Board. *N. J. S. A.* 54:3–17, 18. However, since the County Board follows the same general method in determining average municipal ratios, as a matter of practice the Director's table is accepted ordinarily as *prima facie* correct, and therefore, usable by the Board in fulfilling its statutory obligation. But the Director's table is not binding and the board is not only free but is obliged to make its own independent determination in the face of evidence indicating error in the State table.

As we have said, the appealing municipalities allege it was error to use the single 1963 commercial-industrial category

sale and the additional single 1964 sale in the same class in calculating the 1963 – 1964 ratio of assessment to true value of real property in the Township of Greenwich, and in applying the resulting ratio in determining the Township's share of the county tax burden. But it is undisputed that both sales were *bona fide,* satisfying the willing buyer and willing seller test. Moreover, the Director had previously studied them in the light of his 27 categories of non-usable sales and found them worthy of inclusion in calculating his ratio for school aid distribution to the Township.

An important fact which cannot be ignored is that these single sales in Greenwich were not the only such sales in Gloucester County in 1963 and 1964 accepted as *bona fide* and used in formulating the equalization table not only by the Director but by the County Tax Board as well. It appears that in 1963, 14 out of the 24 taxing districts (municipalities) in Gloucester County, or 58+%, had a single sale in one of the four major classes of property mentioned above as having been established by the Director to aid him in achieving an over-all average ratio of assessment to true value. In 1964, 12 such districts, or 50%, had a single sale in one of the classes. (Usable single sales do not appear to be unusual throughout the State. In 1963 and 1964 single sales deemed usable by him occurred in one of the four classes of property in 155 or 27+% of the State's 567 taxing districts). So far as the record discloses the Gloucester County Tax Board utilized the 1963 single sale in every municipality where one occurred, except the one in the Township of Greenwich, in establishing its equalization table for apportionment of the county tax burden. All 12 of the 1964 single sales (including the additional one in Greenwich Township, pursuant to the ruling of the Division of Tax Appeals that exclusion of the 1963 sale was erroneous) were likewise employed by the board in fixing each municipality's share of the cost of the county government.

In the making of this record before the County Tax Board or in the Division of Tax Appeals no effort was engaged in

to show the nature of the 1963 single sales in the 13 county taxing districts other than Greenwich Township, or in the 11 districts other than Greenwich Township for 1964. Nor was any proof offered to indicate the impact of such sale in the computation of the over-all average ratio of assessment to true value in each of the municipalities involved.

In view of the record presented, we cannot say it was any more unjust or inequitable for county expense distribution purposes to use the single 1963 and 1964 sales in Greenwich than it was to use any of the single sales in those years in the other municipalities of the county. Whether exclusion of the sale in each district would have substantially increased or decreased the average ratio in the particular municipality other than Greenwich, or changed the final county tax rate, has not been shown. The Director's equalization tables are presumptively correct; the County Boards' tables (with the 1963 correction made) are likewise presumptively correct. Under the circumstances it not only would be unwise but it would be unjust on this record to deny use of the single sales in Greenwich and thus cause an increase in its county tax burden for 1963 and 1964, and at the same time permit use of the similar sales in so many other municipalities without regard to the impact on their share of the county expense burden.

For the reasons stated the judgments of the Appellate Division are affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.